JASON E. MURTAGH (SBN 294830)
jason.murtagh@bipc.com
CHRISTOPHER M. CASCINO (SBN 358055)
christopher.cascino@bipc.com
SARA M. ZEIMER (SBN 342163)
sara.zeimer@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619-239-8700
Fax: 619-702-3898

Attorneys for Defendants
GOBRANDS, INC. and GB LOGISTICS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWILSON TEJADA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOBRANDS, INC., a Delaware corporation; GB LOGISTICS LLC[1], a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 4:26-cv-11983<br><br>**DEFENDANTS' GOBRANDS, INC. AND GB LOGISTICS, LLC'S NOTICE OF REMOVAL**<br><br>Complaint Filed: August 24, 2026<br>FAC Filed: September 24, 2026 |

[1] Plaintiff incorrectly identifies GB Logistics, LLC as a California limited liability company. GB Logistics, LLC is a Delaware limited liability company. *Barbour Decl.* ¶4, **Exhibit** A.

# TABLE OF CONTENTS


Page

I. STATEMENT OF JURISDICTION .......... 1
II. VENUE .......... 1
III. COMPLIANCE WITH STATUTORY REQUIREMENTS .......... 1
  A. Service on the State Court .......... 1
  B. Pleadings, Process, and Orders .......... 2
  C. Removal Is Timely .......... 3
  D. All Served Defendants Join This Notice of Removal .......... 3
  E. No Admission .......... 4
IV. THIS COURT HAS JURISDICTION PURSUANT TO CAFA .......... 4
  A. Minimal Diversity Exists .......... 4
  B. Covered Class Action .......... 6
  C. The Class Consists of More Than 100 Members .......... 6
  D. The Amount in Controversy Exceeds $5,000,000 .......... 6
  E. No CAFA Exception Applies .......... 11
V. RESERVATION OF RIGHTS .......... 11
VI. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) .......... 7

*Buschman v. Anesthesia Bus. Consultants LLC*,
42 F. Supp. 3d 1244 (N.D. Cal. 2014) .......... 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) .......... 4, 7

*Edwilson Tejada v. GoBrands Inc., and GB Logistics, LLC*,
Case No. C26-02847 .......... 1, 2, 3

*Ehrman v. Cox Commc'ns, Inc.*,
932 F.3d 1223 (9th Cir. 2019) .......... 4

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
42 Cal. 4th 554 (Cal. 2007) .......... 9

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) .......... 10

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) .......... 5

*Johnson v. Columbia Props. Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) .......... 5

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .......... 4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d. 993 (C.D. Cal. 2002) .......... 7

*LaCrosse v. Knight Truck & Trailer Sales*,
LLC, 775 F.3d 1200 (9th Cir. 2015) .......... 8

*Lewis v. Verizon Commc'ns, Inc.*,
627 F.3d 395 (9th Cir. 2010) .......... 6, 7

*In re Quintus Sec. Litig.*,
148 F. Supp. 2d 967 (N.D. Cal. 2001)....................10

*Rea v. Michaels Stores Inc.*,
742 F.3d 1234 (9th Cir. 2014)....................7

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007)....................10

**Statutes**

28 U.S.C. § 84(a)....................1

28 U.S.C. § 1332....................4

28 U.S.C. § 1332(c)(1)....................5

28 U.S.C. § 1332(d)....................1, 6, 10, 11

28 U.S.C. § 1391....................1

28 U.S.C. § 1441....................4, 11

28 U.S.C. § 1441(a)....................1

28 U.S.C. § 1446....................1, 4, 11

28 U.S.C. § 1446(a)....................1, 2, 7

28 U.S.C. § 1446(b)(1)....................3

28 U.S.C. § 1446(b)(2)(A)....................3

28 U.S.C. § 1446(d)....................1

28 U.S.C. § 1453....................4, 11

28 U.S.C. § 1453(a)....................1, 6

28 U.S.C. § 1453(b)....................1

Cal. Lab. Code § 203....................9

Cal. Lab. Code § 226.7(c)....................8, 9

**Other Authorities**

S. Rep. No. 109-14, p. 43 (2005) .......... 4

**PLEASE TAKE NOTICE** that Defendants GoBrands, Inc. ("GoBrands") and GB Logistics LLC ("GB Logistics") (collectively "Defendants"), fully reserving all defenses, by and through their undersigned attorneys, hereby remove the above-captioned action ("Action") from the California Superior Court for the County of Contra Costa to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453(b).

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), in that this Action is a class action with minimal diversity and more than 100 putative class members and the alleged amount in controversy exceeds the sum of $5,000,000.00 exclusive of costs and interest.

## II. VENUE

The State Court Action was filed in the Superior Court of the State of California for the County of Contra Costa. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a).

## III. COMPLIANCE WITH STATUTORY REQUIREMENTS

In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, processes, and orders in the State Court Action are attached to this Notice and detailed in the Declaration of Christopher M. Cascino ("*Cascino Decl.*").

### A. Service on the State Court

Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the County of Contra Costa Superior Court.

\ \ \

\ \ \

### B. Pleadings, Process, and Orders

On August 24, 2026, Plaintiff Edwilson Tejada filed a *Class Action Complaint* on behalf of himself and a putative class of all current and former delivery drivers whom Defendants classified as independent contractors and engaged in California in the Superior Court of California for the County of Contra Costa, entitled *Edwilson Tejada v. GoBrands Inc., and GB Logistics, LLC*, Case No. C26-02847 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Civil Case Cover Sheet and Complaint filed in the County of Contra Costa Superior Court is attached to the *Cascino Declaration* as **Exhibit 1.**

On August 24, 2026, the Superior Court of the State of California, County of Contra Costa issued a Summons. A true and correct copy of this document is attached to the *Cascino Declaration* as **Exhibit 2.**

On August 31, 2026, the Superior Court of the State of California for the County of Contra Costa issued a Notice of Assignment to Department 16 for a Case Management Determination. A true and correct copy of this document is attached to the *Cascino Declaration* as **Exhibit 3.**

On September 16, 2026, Plaintiff served Defendant GoBrands, Inc. with the Summons and Complaint. *Cascino Decl.* ¶5. A true and correct copy of this document is attached to the *Cascino Declaration* as **Exhibit 4.**

On September 23, 2026, Defendant GB Logistics, LLC was served with the Complaint and Summons. *Cascino Decl.* ¶6. A true and correct copy of the Proof of Service of Summons filed by Plaintiff on September 23, 2026, is attached to the *Cascino Declaration* as **Exhibit 5**.

On September 24, 2026, Plaintiff filed a First Amended Class and Representative Complaint in the Superior Court of California, County of Contra Costa. *Cascino Decl.* ¶7. As of the date of this Notice of Removal filing, Defendants have not been served with a copy of this First Amended Class and Representative Complaint. *Cascino Decl.* ¶7. A true and correct copy of the First Amended Class and Representative Complaint

filed by Plaintiff on September 24, 2026 is attached to the *Cascino Declaration* as **Exhibit 6.**

The original and Amended Complaint both allege nine (9) causes of action: failure to pay minimum wage for all hours worked; failure to pay overtime compensation; failure to provide meal periods; failure to provide rest periods; failure to indemnify necessary business expenses; waiting time penalties; failure to provide accurate wage statements; violation of the Unfair Competition Law; and Private Attorneys General Act ("PAGA") violations. *See generally Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint*. Both the original and Amended Complaints seek class certification, damages, pre-judgment interest, statutory wage penalties, injunctive relief, restitution of wages, and reasonable attorneys' fees and costs. *See Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – Prayer for Relief.

To Defendants' knowledge, no other processes, pleadings, or orders related to this case have been filed or served by any party in this action. *Cascino Decl.* ¶8. Additionally, no further proceedings have occurred in the matter now pending before the Contra Costa County Superior Court. *Cascino Decl.* ¶9.

### C. <u>Removal Is Timely</u>

This removal is timely. Service of the Summons and Plaintiff's Complaint was made on Defendant GoBrands, Inc. on September 16, 2026 and Defendant GB Logistics, LLC on September 23, 2026. *Cascino Decl.* ¶¶ 5-6. This removal is made within 30 days of the service of the State Court Action on Defendants. *See* 28 U.S.C. § 1446(b)(1).

### D. <u>All Served Defendants Join This Notice of Removal</u>

All served Defendants join this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

\ \ \

\ \ \

**E. <u>No Admission</u>**

By filing this Notice of Removal, Defendants do not admit any liability, do not concede the accuracy of Plaintiff's allegations, and do not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

## IV. <u>THIS COURT HAS JURISDICTION PURSUANT TO CAFA</u>

This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Minimal diversity is satisfied, since Plaintiff's citizenship is diverse from that of Defendants. The amount in controversy exceeds $5 million. There are more than 100 putative class members. There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**A. <u>Minimal Diversity Exists</u>**

For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Here, Plaintiff pleads that he is a resident of San Diego, California. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint* ¶8. Accordingly, on information and belief and based on Plaintiff's Complaint, Plaintiff is, and was at the time of filing, a citizen of the State of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'"). Further, the putative class consists of individuals who "worked for any Defendant in California" during the relevant class period. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint* ¶27. It is therefore likely that most, if not all, putative class members are domiciled in

California.

For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 91-92 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.* at 93.

Defendant GoBrands, Inc. is a corporation organized and existing under the laws of the State of Delaware. Declaration of Hillary Barbour ("*Barbour Decl.*") ¶5. The principal place of business, including both the corporate headquarters and "nerve center" of GoBrands, Inc., is located at 537 North 3rd Street, Philadelphia, Pennsylvania 19123. *Barbour Decl.* ¶9. As a result, GoBrands, Inc., is also a citizen of Pennsylvania. Accordingly, under the "nerve center" test articulated in *Hertz*, GoBrands, Inc., is a citizen of Delaware and Pennsylvania and is not a citizen of California for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

Defendant GB Logistics, LLC, is a limited liability company organized and existing under the laws of the state of Delaware. *Barbour Decl.* ¶4. For diversity purposes, an LLC is a citizen of the state(s) of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A] limited liability company is deemed to have the citizenship of *each of its members*." *Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014) (emphasis in the original). Plaintiff's allegation that GB Logistics is a California limited liability company with its principal place of business in Los Angeles County is therefore both incorrect and immaterial, because neither an LLC's state of formation nor its principal place of business determines its citizenship. *See Johnson*, 437 F.3d at 899; *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, Complaint ¶11. GB

Logistics, LLC, was formed in Delaware on May 31, 2017. *Barbour Decl.* ¶4, **Exhibit A**. And the sole member (and ultimate parent corporation) of GB Logistics LLC is Defendant GoBrands, Inc., which was incorporated in Delaware on June 25, 2015. *Barbour Decl.* ¶5, **Exhibit B**. Because: (1) Defendant GoBrands, Inc. is the sole member of GB Logistics LLC; (2) it is a citizen of Delaware and Pennsylvania; and (3) Plaintiff is a citizen of California, minimal diversity exists and Section 1332(d)(2) is satisfied.

### B. <u>Covered Class Action</u>

Under CAFA, a class action is defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." See 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). The Complaint falls within this definition.

### C. <u>The Class Consists of More Than 100 Members</u>

Plaintiff defines his putative class as "[a]ll persons who worked for any Defendant in California as an independent contractor" during the class period. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint* ¶27. Plaintiff alleges that "[t]he members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical," and that "the Class is estimated to be greater than 100 individuals." *Cascino Decl.* ¶2, **Exhibit 1**, Complaint ¶ 30a.

Plaintiff alleges that he was engaged by Defendants as a delivery driver. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6** – *Complaint and Amended Complaint* ¶8. According to Defendants' business records, during the proposed class period, Defendants' affiliate GBL California, LLC ("GBL California") engaged at least 23,117 drivers as independent contractors to make deliveries in California, which satisfies the numerosity requirement. *Barbour Decl.*, ¶¶10-11.

\ \ \

## D. <u>The Amount in Controversy Exceeds $5,000,000</u>

The claims of individual class members can be aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The amount in controversy is an estimate of the amount placed in dispute, not a prediction of Defendants' actual liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A removing defendant may rely on a reasonable chain of reasoning that includes assumptions. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925-27 (9th Cir. 2019).

Further, a removing defendant's notice of removal need only contain plausible allegations to demonstrate the amount in controversy. Evidentiary submissions are not required unless and until the removing defendant's allegations are contested by the plaintiff or questioned by the Court:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee*, 574 U.S. at 89.

The claims of the proposed class members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). In determining whether the amount in controversy exceeds $5,000,000, the Court must assume a jury will return a verdict for Plaintiff on each claim included in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

On behalf of himself and the Proposed Class, Plaintiff seeks, among other relief, recovery of minimum wages, overtime wages, penalties, meal and rest break premiums, preliminary and permanent injunctions, restitution of wages and benefits, and attorneys' fees. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint*, *Prayer*.

Where, as here, the Complaint does not specify the amount of damages sought or even articulate a methodology for calculating damages, a defendant must establish only that "the potential damages ***could exceed*** the jurisdictional amount" to satisfy the amount in controversy requirement. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (*quoting Lewis*, 627 F.3d at 397) (emphasis added). A defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse v. Knight Truck & Trailer Sales*, LLC, 775 F.3d 1200, 1203 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.") (citation omitted).

Under the Complaint as pled, the potential damages would far exceed $5,000,000 exclusive of interest and costs.[2]

<u>Unpaid Overtime Wages</u>: During the proposed class period, GBL California engaged at least 23,117 delivery drivers as independent contractors to make deliveries in California. *Barbour Decl.* ¶¶10-11. These drivers logged into an app from which they could choose to accept delivery assignments. *Barbour Decl.* ¶¶10-11. Those drivers were logged into Defendants' app a total of 1,892,632.49 hours during the class period and earned a total of $56,823,968.29 in compensation, not counting tips. *Barbour Decl.* ¶¶12, 14. This equates to an average regular hourly rate of $30.02 ($56,823,968.29 ÷ 1,892,632.49 hours). For removal purposes, Defendants conservatively assume a total of four hours of unpaid overtime per putative class member. Under these assumptions, the amount in controversy for unpaid overtime

[2] Defendants deny Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and Defendants do not waive any defense with respect to any of Plaintiff's claims.

wages is $1,388,119.12 (23,117 drivers x $30.02 average wage x .5 overtime premium x 4).

Missed Meal Periods: The Complaint alleges missed meal periods. Employees who miss a meal period are entitled to one hour of pay at their regular rate. Cal. Lab. Code Section 226.7(c). Conservatively estimating that Plaintiff and the putative class members will assert they missed a total of four meal periods during the entirety of the time they worked for Defendants, this would equate to an amount in controversy of $2,776,238.24 (23,117 class members x $30.02 average hourly rate x 4 missed meal periods).

Missed Rest Periods: The Complaint also alleges missed rest periods. Employees who miss a rest period are entitled to one hour of pay at their regular rate. Cal. Lab. Code Section 226.7(c). Conservatively estimating that Plaintiff and the putative class members will assert they missed a total of four rest periods during the entirety of the time they worked for Defendants, this would equate to an amount in controversy of $2,776,238.24 (23,117 class members x $30.02 average hourly rate x 4 missed rest periods).

Mileage: Plaintiff alleges that Defendants failed to reimburse him and the putative class for business expenses. Under the California Labor Code, one expense employers are responsible for is the use of personal vehicles. *E.g.*, *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567 (Cal. 2007). One method for employers to pay for this expense is through using the IRS's mileage reimbursement rate. *See id.* at 569. During the putative class period, putative class members drove 5,871,031.74 miles. *Barbour Decl.* ¶13. Applying the lowest mileage reimbursement rate during the applicable class period, 62.5 cents per mile, the unpaid business expenses for mileage reimbursement claim is worth $3,669,394.84 (5,871,031.74 miles x 62.5 cents per mile).

Waiting Time Penalties: Plaintiff alleges that Defendants failed to pay all wages due at termination of employment under Labor Code sections 201-203. *Cascino Decl.*

¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint* ¶¶70-72. Labor Code section 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, . . . 202 . . ., any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to 30 days. Cal. Lab. Code § 203. Defendants' records indicate there were 16,538 drivers with deactivated accounts during the putative class period. *Barbour Decl.* ¶15. Conservatively assuming each driver worked an average of 2 hours per workday – a very conservative assumption, given Plaintiff has pled he and the putative class worked overtime – at least $29,791,989.49 is in controversy for waiting time penalties (16,538 separated class members x $30.02 hourly rate x 2 hours per day x 30 days).

Attorneys' Fees: Notably, Plaintiff also seeks to recover attorneys' fees. *Cascino Decl.* ¶¶2, 6, **Exhibits 1 and 6**, – *Complaint and Amended Complaint*, *Prayer*. While not necessary here to reach the required jurisdictional minimum, attorneys' fees are properly included in calculating the amount in controversy where an underlying statute authorizes an award of attorneys' fees. *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007). Although Defendants deny Plaintiff's claims for attorneys' fees, for removal purposes it is notable that the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig*., 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). 25% of the waiting time claim alone exceeds $5 million.

Assuming for purposes of CAFA removal only that as alleged in the Complaint Defendants could be deemed "employers" of Plaintiff and all other drivers in California, and assuming a class action could be certified (which Defendants deny), and assuming that Plaintiff and the individuals in the putative class would be entitled to any recovery at all, the allegations in the Complaint, together with Defendants' records as set forth in the Barbour Declaration, demonstrate that the amount in

controversy would well exceed $5 million, exclusive of interest and costs and exclusive of Plaintiff's claim for unpaid minimum wages, wage statement penalties, and claims under PAGA.

### E. No CAFA Exception Applies

The Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and the Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

Accordingly, because the proposed class members number over 100, there is diversity of citizenship, the amount in controversy is met under just some of Plaintiff's theories, exclusive of interest and costs, and no exception to CAFA applies, CAFA removal has been satisfied under 28 U.S.C. § 1332(d)(2).

## V. RESERVATION OF RIGHTS

By removing this action, Defendants do not admit any allegation in the Complaint. Furthermore, Defendants do not concede that any named defendant is a properly existing or properly served legal entity and do not waive any defenses that are available to them under state or federal law, including but not limited to, any defense concerning service, party identity, standing, jurisdiction, pleading sufficiency, arbitrability, class certification, or the merits. Defendants expressly reserve all threshold defenses to this action and their right to seek dismissal, judgment, arbitration, or other relief under federal or state law.

## VI. CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§1441, 1446, and 1453 and for the reasons set forth above, Defendants respectfully remove this action from the Superior Court of California, Contra Costa County, to the United States District Court for the Northern District of California.

\ \ \

\ \ \

DATED: October 15, 2026

BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Christoper M. Cascino*
JASON E. MURTAGH
CHRISTOPHER M. CASCINO
SARA M. ZEIMER
Attorneys for Defendants
GOBRANDS, INC. AND GB LOGISTICS LLC